UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

MARISOL MARRERO CRUZ,

                    Plaintiff,                    **MEMORANDUM & ORDER**
                                                   19-CV-5858(EK)

          -against-

ANDREW M. SAUL, COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Marisol Marrero Cruz brings this action

pursuant to 42 U.S.C. § 405(g), seeking review of the denial of

her claim for Social Security disability benefits.  She seeks an

order remanding her application for further review by an

Administrative Law Judge ("ALJ").  Plaintiff argues, among other

things, that the ALJ erred by selectively reviewing the evidence

regarding her alleged psychological disorder.  The Commissioner

of Social Security cross-moves, asking the Court to affirm the

denial of Plaintiff's application.  For the reasons set forth

below, I grant Plaintiff's motion and deny the Commissioner's.

## I. Background

          Ms. Cruz filed an application for disability benefits

on February 1, 2016 seeking coverage since January 1, 2013.

Administrative Transcript ("Tr.") at 140-41, 295-96, ECF No. 7.

In her initial application, Plaintiff asserted major depressive

1

disorder, an unspecified mental disorder, and psoriasis vulgaris. *Id*. The Commissioner denied her request on May 17, 2016. *Id*. at 170-78, 180-82. Following a hearing, ALJ Elana Hollo issued a written decision denying Plaintiff's appeal on September 21, 2018. *Id*. at 18-26. On August 12, 2019, the Appeals Council denied Plaintiff's application for review. *Id*. at 1-4. Plaintiff appealed to this Court on October 15, 2019.

## II. Standard

A federal district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g). However, "[f]ailure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004).

### III. Statutory and Regulatory Framework

An applicant is entitled to disability benefits if that person is "disabled." 42 U.S.C. § 423(a)(1)(E). The statute defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A).

Social Security regulations set out a five-step procedure for evaluating whether or not a claimant meets the statutory definition. First, the claimant may not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must have a "severe impairment" — that is, an impairment or combination of impairments that significantly limits the applicant's ability to do basic work activities. *Id.* § 404.1520(c). Third, the Commissioner must determine if the claimant's impairments meet or equal one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the Commissioner will deem the applicant disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant's impairments do not meet or equal one of the Listed Impairments, then the Commissioner proceeds to the

3

fourth step.  At this stage, the Commissioner must identify the claimant's residual functional capacity ("RFC").  Based on the applicant's RFC, the Commissioner must then determine whether the applicant may perform past jobs the applicant has held.  *Id.* § 404.1520(f).  If the applicant is unable to perform his prior work, the Commissioner proceeds to the fifth and final step. Here, the Commissioner must determine whether the applicant could perform other jobs available in the national economy, based on the claimant's age, education, work experience, and RFC.  *Id.* § 404.1520(g).  If no such jobs are available to the applicant, the Commissioner must find the applicant disabled. The burden of proof rests on the applicant until the final step.

### IV. The ALJ's Decision

At step one, the ALJ concluded that Plaintiff's insured status continued through December 31, 2017, and that she had not engaged in substantial gainful activity since the claimed onset of his disabilities on February 1, 2013.  Tr. at 20.  At step two, the ALJ found that Plaintiff had the following severe impediments:  cervical disc displacement, cervical radiculopathy, and psoriasis.  *Id.* at 20-22.  The ALJ found that Plaintiff's major depressive disorder was not severe because the condition "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." *Id.* at 20.

4

At step three, the ALJ determined that none of the severe impairments (alone or combined) met or medically equaled one of the Listed Impairments. *Id*. at 22. At step four, the ALJ determined that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b). *Id*. at 22. Light work "involves lifting no more than 20 pounds at a time," and "requires a good deal of walking or standing" *or* "sitting most of the time with some pushing and pulling of arms or leg controls." *Id.* The ALJ found that Plaintiff could "work in a low stress job," with "only occasional decision making and only occasional changes in the work setting," and must be "allowed to work off task 5% of the day, in addition to regularly scheduled breaks." Tr. at 22. The ALJ also determined that Plaintiff could not perform any overhead reaching bilaterally, could frequently handle, finger, and feel bilaterally, and could perform simple and routine tasks. *Id*. at 22-24.

Based on her RFC analysis, the ALJ found that Plaintiff could not perform her past work as a charge account clerk and an accounts payable worker. *Id*. at 25. At step five, however, the ALJ concluded that Plaintiff could perform work available in the national economy — namely, as an electrical accessory assembler, inspector hand packager, and hammer mill operator. *Id.* at 25-26. Accordingly, the ALJ determined that Plaintiff was not disabled.

**V. Discussion**

Plaintiff challenges the ALJ's decision on several grounds, including that the ALJ selectively reviewed the evidence of her psychiatric impairment.  According to Plaintiff, this error affected two steps of the ALJ's analysis:  first, the ALJ's conclusion that Plaintiff's psychiatric impairment did not constitute a medically determinable impairment; and second, the ALJ's RFC determination at step-four of the process.  *See, e.g.*, Tr. at 22 (stating, in the RFC analysis, that the "record does not show more than mild difficulties in [Plaintiff's] overall mental functioning").  For the reasons set out below, I agree that the ALJ's decision was deficient in this respect.

The Social Security regulations require ALJs to "consider all evidence in [the] record when [they] make a determination or decision whether [a claimant is] disabled."  20 C.F.R. § 404.1520(a)(3).  "An ALJ must acknowledge all evidence that supports a claim of disability and, if he concludes otherwise, he must explain why the pertinent evidence does not justify the result sought by the claimant."  *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 434 (S.D.N.Y. 2010).

Here, the ALJ concluded, at step two, that Plaintiff's psychiatric condition was "nonsevere" because it "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities."  Tr. at 20.  In reaching

this determination, the ALJ considered the four areas of mental functioning set out in 20 C.F.R. pt 404, Subpart P, Appendix 1, Section 12.04.B – namely, the claimant's ability to (1) "[u]nderstand, remember, or apply information"; (2) "[i]nteract with others"; (3) "[c]oncentrate, persist, or maintain pace"; and (4) "[a]dapt or manage oneself."  In analyzing these factors, the ALJ explained that Plaintiff was "able to repeat three out of three words immediately," could "relate[] what has happened to her in the past," "live in a house with family and spend time with her children at home," "pay her bills, count change, and handle her savings," "repeat the months of the year and days of the [month] backwards," "perform simple arithmetic," "move to New York with her three children," and "go outside to shop for food, prepare her own meals, pay bills, . . . and spend time with her children at home."  Tr. at 20.

        At step four (the RFC analysis), the ALJ observed that Plaintiff's treatment records reflected "consistent mental status examination findings" showing Plaintiff had "normal attention, normal impulse control, intact memory, and a tranquil attitude."  *Id.* at 23.  The ALJ also pointed to treatment records stating that Plaintiff's psychiatric conditions were "stable."  *Id.* at 24.  Citing the "stable" reports, the ALJ (1) discounted Plaintiff's testimony about the severity of her

psychiatric conditions; and (2) assigned "significant weight" to state agency consultants, who concluded that Plaintiff suffered only "mild" difficulties in "activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or maintaining pace."   *Id.*

But the ALJ failed to address a significant amount of contradictory evidence — namely, (1) an April 2016 consultative exam reporting that Plaintiff's prognosis was "[g]uarded" and that she experienced "depressive feelings, crying spells, [and] low self-esteem," among other things, *id.* at 526-27; (2) medication records showing that Plaintiff received significant increases in psychiatric medication from April 2015 through December 2017, *id.* at 437; (3) two reports from doctors at an American Psych Systems clinic that diagnosed Plaintiff with "severe . . . major depressive affective disorder"; *id.* at 463, 681; and (4) abnormal findings for illogical thought processes, insight, anxiousness, irritability, and depressed mood.  *See, e.g.*, *id.* at 446-47, 458, 455, 467, 554, 593, 607, 612, 625, 655, 678, 804, 845.

The ALJ's failure to address this evidence was error. *See, e.g.*, *Vasquez v. Comm'r of Soc. Sec.*, No. 14-CV-6900, 2015 WL 4562978, at *17 (S.D.N.Y. July 21, 2015) (Francis IV, M.J.) (ALJ erred by failing to discuss "guarded" prognosis, among other things); *see also Cook v. Colvin*, No. 13-CV-1946, 2015 WL

5155720, at *13 (S.D.N.Y. Sept. 2, 2015) (ALJ erred by failing to reconcile discrepancies in record arising from treating physician's "guarded" prognosis and other findings).  And the ALJ erred by treating the reports finding Plaintiff's condition "stable" as indicative of the severity of her condition.  *See, e.g.*, *Barco v. Comm'r of Soc. Sec.*, 330 F. Supp. 3d 913, 921 (W.D.N.Y. 2018) (ALJ erred by discounting evidence based on reports finding the claimant's condition "stable," because "stability suggests that the plaintiff's symptoms are unchanged over time, not necessarily that the symptoms are mild" (cleaned up)).  On remand, the ALJ should address the contradictory evidence referenced above and explain her reliance on the "stable" reports, should she choose to rely on them again.

## VI. Conclusion

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is denied and Plaintiff's motion is granted.  This case is remanded for further proceedings consistent with this opinion.


SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:     September 28, 2021
           Brooklyn, New York

9